

Joshua S. Moskovitz, Principal │ (212) 300-6506 │ josh@rmcivilrights.com

June 10, 2026

<u>BY ECF</u>

Hon. Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:     *D.P. ex rel. John Doe 1 v. City of New York*, No. 26-cv-4745 (JHR)

Your Honor:

We write as counsel for Plaintiffs to ask the Court to order the City to produce relevant documents. As noted in our letter of June 9, 2026 (Dkt. 37), the City had not provided additional information on John Doe 2 or John Doe 1. We also noted that during the June 8, 2026 TRO Hearing, the Court directed the City to make such disclosures by the end of the day yesterday. *See id.* (citing Trans. at 51:18-21) ("THE COURT: . . . [E]xchange whatever documents you have on John Doe 2, or if you find more documents tomorrow on John Doe 1, then that's fine. Exchange those as well by the end of the day tomorrow [June 9]."). Yesterday, the City filed a letter providing the Court with additional information on John Doe 1 and John Doe 2 and submitted paperwork from ACS under seal (Dkts. 36 & 37). In the City's sealed paperwork, the name of the juvenile who was the subject of the report contained in Exhibit A was redacted. Additionally, that exhibit, and Exhibits B, C, D, E, and F were excerpts from longer documents: Exhibit A says it is pages 1 and 2 "of 23"; Exhibits B, C, D, E, and F contain 19 total pages of a 174-page document. We asked the City to produce the unredacted Exhibit A and the complete documents from which Exhibits A-F were excerpted. We also asked the City to provide the ACS "Secure Detention Strip Search Form" for the May 28, 2026, incident involving John Doe 2 and the March 24, 2026 incident involving John Doe 1. ACS's written policy requires a Secure Detention Strip Search Form anytime a strip search is conducted. *See* Dkt. 5-2; Dkt. 5-3 at 9 ("Following any strip search, staff must complete the SD Strip Search Form in full (Attachment F).").

Despite the Court's Order from the TRO hearing – and the basic fairness of producing a complete document from which excerpts are filed, and an unredacted copy of a document that purports to be about one of the plaintiffs without the person's name redacted – the City has produced no additional documents, nor responded to our several emails about these



documents. At 8:34 a.m. this morning, we wrote to the City that given today's deadline to submit additional information on John Does 1 and 2 (*see* Dkt. 40), we would need to write to the Court if we had not received a response by 11:00 a.m. Having received no response from the City, we prepared this letter. At 12:30 p.m., we advised the City that we had prepared this letter and would file it at 1:00 p.m. if we had not received the documents by then. The City did not respond until 12:56 p.m., and then advised:

> The only information redacted from the exhibits we filed yesterday and today is personal identifying information for non-parties. The parties' names have been left unredacted which is why the documents have been filed under seal, per your request. These documents were redacted by ACS; if you believe information pertaining to your clients was inadvertently redacted, please advise. To the extent you are seeking discovery of additional documents beyond those relied on in our opposition to the limited and initial TRO's, I do not believe the Court has ordered that to take place. To the extent the Court directed the parties to exchange the documents each party referenced or could obtain pertaining to the specific incidents discussed at Monday's hearing, we have done that in connection with our briefing.

It is critical the City produces these documents. As the Court is aware, during the TRO Hearing, Corporation Counsel made allegations concerning John Doe 1 that were discounted entirely by ACS paperwork. During the hearing, the City's attorney alleged that "John Doe 1 managed to actually get a weapon into court I believe earlier this year . . . a small blade with which he attempted to attack a court officer." Trans. at 16:14-17. The City's counsel also represented that "ACS did not create an incident report because it happened in court. That was my understanding. When I requested an incident report, that was essentially the response that I got." *Id.* at 36:12-15. In fact, ACS *had* created an incident report, two in fact, and Plaintiffs' counsel only happened to know about those reports because John Doe 1's attorney was attending the TRO hearing. John Doe 1's attorney provided us those reports during the hearing, and we submitted them to the Court under seal (Dkt. 27). In one of the reports, an ACS officer who was escorting John Doe 1 at all times during his December 2025 court appearance, memorialized: "[John Doe 1] never presented any weapon, nor did he waive any weapon towards DOC officers." Accordingly, we have good reason to want to see *all* of ACS's paperwork about the incidents it is now representing to the Court are a basis to deny Plaintiffs' emergency TRO request.



Accordingly, we ask the Court to order the City to produce the following:

1.  an unredacted copy of the Exhibit A filed under seal at Dkt. 37;

2.  the complete documents from which Exhibits A-F filed at Dkt. 37 were excerpted; and

3.  any "Secure Detention Strip Search Form" for the May 28, 2026, incident involving John Doe 2 and the March 24, 2026 incident involving John Doe 1.

We ask the Court to order the City to produce these documents by the end of the day and extend Plaintiffs' deadline until June 11 to submit additional information relevant to the emergency TRO application for John Does 1 and 2 (*see* Dkt. 40).

We appreciate the Court's time and attention to this matter.

Respectfully,

Joshua S. Moskovitz

cc:    All Counsel of Record
       Hannah Faddis (by email)

Application **GRANTED in part** and **DENIED in part.** Plaintiffs' request for an unredacted copy of Exhibit A is **DENIED as MOOT**, see ECF No. 44. Plaintiffs' request for complete versions of Exhibit A-F is **GRANTED in part**. Defendants shall disclose any additional information from these documents that relate to the incidents discussed in Defendants' opposition to Plaintiffs' application for limited TRO, ECF No. 38. *C.f. HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) (in the context of an attorney-client privilege assertion, the "at issue" doctrine prohibits a party from "disclosing only self-serving communications while barring discovery of other communications that an adversary could use to challenge the truth of the claim."). Finally, Plaintiff's request for any "Secure Detention Strip Search Forms" related to the May 28, 2026 and March 24, 2026 incidents is **GRANTED**. *Id.*

Defendants shall make all required disclosures to Plaintiffs by **June 11, 2026** at **10 A.M.** Plaintiffs shall file any additional briefing related to the limited TRO motion by **June 11, 2026** at **4 P.M.**

SO ORDERED.

Dated: June 10, 2026
New York, New York

Dale E. Ho
United States District Judge