UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.P., et al., | |
| Plaintiffs, | 26 Civ. 4745 (JHR) |
| -v.- | ORDER |
| CITY OF NEW YORK, et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiffs' application for a limited temporary restraining order, made during today's hearing on Plaintiffs' Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, ECF No. 3, to enjoin a visual body cavity inspection of John Doe 1 following his appearance in criminal court tomorrow, June 16, 2026, absent reasonable suspicion that contraband was secreted in a body cavity.  Plaintiffs' motion is denied.

"It is well established that, in order to obtain a TRO, 'plaintiffs must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest.'" *Kulisz v. City of New York*, No. 25 Civ. 10303 (JMF), 2026 WL 25998, at *1 (S.D.N.Y. Jan. 5, 2026) (quoting *New York v. U.S. Dep't of Educ.*, 477 F. Supp. 3d 279, 293 (S.D.N.Y. 2020)); *see also Geller v. de Blasio*, 613 F. Supp. 3d 742, 746 (S.D.N.Y. 2020) (noting that the standard for adjudicating a TRO and a motion for a preliminary injunction is the same).[1]  "A temporary restraining order 'is an extraordinary and drastic remedy, one that

---

[1] "Sufficiently serious questions going to the merits," as opposed to likelihood of success on the merits, is not part of the test for injunctive relief where, as here, the relief sought will affect "government action taken in the public interest pursuant to a statutory or regulatory scheme." *Wright v. Guiliani*, 230 F.3d 543, 547 (2d Cir. 2000); *see Frey v. City of New York*, 157 F.4th 118, 127 (2d Cir. 2025).  While it is currently unclear which ACS strip-search policy governs

should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"

*Stringer v. Simon & Schuster, Inc.*, No. 25 Civ. 0670 (MKV), 2025 WL 2549159, at *2

(S.D.N.Y. Sept. 4, 2025) (quoting *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510

(2d Cir. 2005)).

At the June 15, 2026 hearing, although Defendants disagreed with Plaintiffs that searches

must be grounded in individualized suspicion, they argued that a search of John Doe 1 following

tomorrow's court appearance would be proper in light of his background and record.

Specifically, John Doe 1 "has been in ACS custody six different times since June 2023." ECF

No. 42-1 (Ginsburg Decl.) ¶ 14. He is currently facing charges of attempted criminal possession

of a weapon in the 2nd degree (firearm) and assault in the first degree. *Id.* ¶ 16. Moreover, John

Doe 1's "incident history," including several recent incidents, "runs about 175 pages, which is

extensive for individuals in [ACS] custody." *Id.* ¶ 17. For example, in 2025, John Doe 1

"punched an operation manager in the face." *Id.* ¶ 14. On February 9, 2026, John Doe 1

"slashed another youth on the right side of his face," and "a sharp metal object was found inside

the radiator of his room." *Id.* ¶ 19. On March 24, 2026, "staff observed a blade in a red pen top

fall from his waist area," which John Doe 1 proceeded to pick up and "place[] in his mouth." *Id.*

Finally, as recently as April 2, 2026, an illegal lighter was found in John Doe 1's sweater. *Id*.

Plaintiffs do not dispute this account.

---

this dispute, *see* ECF Nos. 55-56, it appears that ACS has consistently been authorized, since
October 2018, to conduct routine strip and visual cavity searches "[u]pon return and re-entry of
the youth to the SD/SSD facility when the youth has been out of the custody or supervision of
ACS, such as during a court appearance." ECF 42-2 (Control of and Search for Contraband in
Secure and Specialized Secure Detention Facilities (Policy and Procedure 2018/06)) at 9. That
search procedure was promulgated "[p]ursuant to New York State Law" and "approved by the
New York State Office of Child and Family Services ('OCFS') and State Commission of
Correction ('SCOC')." ECF No. 42 (Opp. Br.) at 2; 9 NYCRR § 180-3.18.

"[O]n this limited record, the Court cannot find that [Plaintiff] is likely to succeed on the merits of such a fact-dependent claim." *Perry v. Floss Bar, Inc.*, No. 21 Civ. 685 (ER), 2021 WL 871436, at *9 (S.D.N.Y. Mar. 8, 2021) (denying injunctive relief); *Reckitt Benckiser Inc. v. Motomco Ltd.*, No. 10 Civ. 6228 (RJS), 2010 WL 3418493, at *2 (S.D.N.Y. Aug. 19, 2010).

Plaintiffs' limited application in connection with John Doe 1's June 16, 2026 hearing is hereby DENIED.

SO ORDERED.

Dated: June 15, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge